**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TANIKA WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION, et al.,<br><br>　　　　Defendants. | Case No. 1:23-cv-00159-JLT-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTION TO DISMISS AND RECOMMENDING DISMISSING THIS ACTION WITHOUT PREJUDICE AND WITHOUT LEAVE TO AMEND<br><br>(ECF Nos. 1, 3)<br><br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

**I.**

**BACKGROUND**

On October 27, 2022, Plaintiff Tanika Williams filed a complaint against Defendants United States Small Business Administration ("SBA"), and Isabel Guzman, Administrator of the SBA (collectively "Defendants"), in the Superior Court of California, County of Madera, Case No. MCV087934. (ECF No. 1-1 at 2.) On February 1, 2023, the action was removed to the United States District Court for the Eastern District of California. (ECF No. 1.) Currently before the Court is Defendants' motion to dismiss this action brought pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6), filed on February 3, 2023. (ECF No. 3.) On February 17, 2023, the District Judge referred the motion to the assigned Magistrate Judge for the preparation of findings and recommendations. (ECF No. 4.)

Plaintiff filed no opposition to the motion to dismiss. The Court, having reviewed the moving papers, the declaration attached thereto, the lack of an opposition from the Plaintiff, and the Court's record, finds this matter suitable for decision without further briefing or oral argument. See Local Rule 230(c), (g). Accordingly, no hearing will be set on the referred motion before the assigned Magistrate Judge. For the reasons explained herein, the Court recommends Defendants' motion to dismiss be granted.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(4), a party may file a motion to dismiss on the ground of insufficient process, and under Rule 12(b)(5), for insufficient service of process. Fed. R. Civ. P. 12(b)(4)-(5). "A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under" Federal Rule of Civil Procedure 4. Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988) (citing Jackson v. Hayakawa, 682 F.2d 1344, 1347 (9th Cir.1982)). "Rule 4 is a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint." Direct Mail, 840 F.2d at 688 (quoting United Food & Commercial Workers Union v. Alpha Beta Co., 736 F.2d 1371, 1382 (9th Cir. 1984)). However, "without substantial compliance with Rule 4, 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" Direct Mail, 840 F.2d at 688 (quoting Benny v. Pipes, 799 F.2d 489, 492 (9th Cir.1986)). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004) (citations omitted). "[A] signed return of service constitutes prima facie evidence of valid service which can be overcome only by strong and convincing evidence." SEC v. Internet Solutions for Bus., Inc., 509 F.3d 1161, 1163 (9th Cir. 2007). "The court may weigh and determine disputed issues of fact on a Rule 12(b)(5) motion." Cranford v. United States, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005)

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A

motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The pleading standard under Rule 8 of the Federal Rules of Civil Procedure does not require " 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. Iqbal, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. To avoid a dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply. First, to be entitled to the presumption of truth the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, must plausibly suggest an entitlement to relief. Starr, 652 F.3d at 1216. "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." Navarro, 250 F.3d at 732 (citing Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir.1988)).

**III.**

**DISCUSSION**

The Court first discusses preliminary considerations regarding the *pro se* status of the Plaintiff and the fact no opposition was filed.

### A.     *Pro Se* Plaintiff and No Filed Opposition

Plaintiff is proceeding *pro se*. The Court is required to construe the filings of a *pro se* party liberally, and accept as true all factual allegations contained in the complaint. Thomas v. Ponder, 611 F.3d 1144, 1150 (9th Cir. 2010); Erickson v. Pardus, 551 U.S. 89, 94 (2007). Although a court must accept as true all factual allegations contained in a complaint, a court need not accept a plaintiff's legal conclusions as true. Iqbal, 556 U.S. at 678. Plaintiff is not incarcerated. Because an "inmate's choice of self-representation is less than voluntary . . . [and] coupled with the further obstacles placed in a prisoner's path by his incarceration," *pro se* inmates are given greater leeway than non-incarcerated *pro se* litigants. Thomas, 611 F.3d at 1150 (quoting Jacobsen v. Filler, 790 F.2d 1362, 1365 n.4 (9th Cir.1986)).

Plaintiff did not file an opposition to the motion to dismiss and the deadline to do so has expired. L.R. 230(c). "No party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party." L.R. 230(c) (citing L.R. 135). "A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion." L.R. 230(c). The Court declines to construe the failure to timely file an opposition as a non-opposition to the motion. However, the Court finds oral argument or attempting to obtain briefing from the non-responding Plaintiff to be unnecessary for the Court to make proper findings and recommendations herein. See Local Rule 230(c), (g). Defendants' arguments remain unopposed, and a *pro se* party is not relieved from the obligations imposed on all parties appearing before the Court, despite the liberal eye toward their filings. See Maxson v. Mosaic Sales Sols. U.S. Operating Co., LLC, No. 2:14-CV-02116-APG, 2015 WL 4661981, at *2 (D. Nev. July 29, 2015) ("While the Court liberally construes the filings of *pro se* litigants . . . *pro se* litigants are not relieved from following applicable rules of procedure.") (citations omitted); Arunachalam v. Davila, No. 3:18-CV-02488-JD, 2018 WL 10245911, at *1 (N.D. Cal. May 17, 2018) ("Plaintiff's pro se status does not relieve her of conformity to the pleading rules.").

The Court shall proceed to liberally construe the allegations in the complaint and afford the Plaintiff the benefit of the doubt when analyzing the Defendants' arguments. See Citizens of

4

Idaho v. Idaho, No. 1:11-CV-620-ELJ-LMB, 2012 WL 3905235, at *4 (D. Idaho Aug. 15, 2012) ("A court is under special obligations when considering motions to dismiss a complaint filed by a plaintiff without legal representation . . . [and] the Court's obligation is, 'where the petitioner is pro se ... to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.' ") (quoting Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir.2010)).

### B. Motion to Dismiss for Insufficient Process and Service of Process

Defendants move to dismiss arguing Plaintiff has not properly served the Defendants, as Plaintiff has not served the U.S. Attorney's Office or the Attorney General.

To serve the United States, a party must serve: (1) the U.S. Attorney's Office by delivering a copy of the summons and complaint to the U.S. Attorney or by sending a copy of each by registered or certified mail to the U.S. Attorney's civil process clerk; and (2) the U.S. Attorney General by registered or certified mail. Fed. R. Civ. P. 4(i)(1)(A)(i)-(ii). "To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee." Fed. R. Civ. P. 4(i)(2).

While Defendants cite to Cranford, 359 F. Supp. 2d at 984, Defendants do not address the Borzeka factors discussed therein. As stated therein, "[i]n the Ninth Circuit, dismissals due to technical noncompliance with Rule 4(i) may be excused if (1) the party to be served personally received notice, (2) the defendant would suffer no prejudice from the service defect, (3) there is justifiable excuse or good cause for the failure to serve properly, and (4) the plaintiff would be severely prejudiced if his complaint was dismissed." Cranford, 359 F. Supp. 2d at 984 (citing Borzeka v. Heckler, 739 F.2d 444, 447 (9th Cir.1984)). Nonetheless, given no opposition was filed by the Plaintiff, the Court finds the circumstances analogous to those in Cranford that warranted dismissal:

> The United States moves to dismiss Plaintiff's action for insufficiency of service of process alleging that, although Plaintiff personally served IRS Officer Randy Reece with a copy of her Petition, Plaintiff failed to serve either the United States Attorney for the Eastern District of California or the United States Attorney

> General as required by Rule 4(i). Plaintiff has not filed an opposition to the United States' motion. As such, it is difficult to apply the *Borzeka* test and determine if technical service should be excused. Plaintiff appears to meet parts 1 and 2 of the *Borzeka* test because the United States did receive actual notice and it does not appear the United States would suffer prejudice from the service defect. Given Plaintiff's failure to file an opposition, it is unclear if Plaintiff would be severely prejudiced if this action were dismissed; a showing that is required to meet part 4 of the *Borzeka* test. Regardless, Plaintiff has failed to meet part 3 of the *Borzeka* test because Plaintiff has provided no excuse for her failure to comply with Rule 4(i). Plaintiff's failure to serve properly or provide an explanation for her failure can only be attributed to inadvertent error or ignorance of the governing rules, neither of which constitute good cause. *See Townsel v. County of Contra Costa,* 820 F.2d 319, 320 (9th Cir.1987); *Wei,* 763 F.2d at 372. Because Plaintiff failed to properly serve the United States Attorney for the Eastern District of California and the United States Attorney General within the 120–day period or to provide good cause for her failure, the court must dismiss Plaintiff's action.

Cranford, 359 F. Supp. 2d at 985.  The Court finds a similar analysis applicable here as to factors 1 and 2 as applied to the Defendants, and given Plaintiff has not addressed factors 3 or 4.

The Court recommends this action be dismissed for failure to properly serve Defendants. Cranford, 359 F. Supp. 2d at 985; Miles v. Dep't of Army, 881 F.2d 777, 782 (9th Cir. 1989) ("[B]oth the U.S. Attorney and the Attorney General must be served in order to properly serve the United States."); Robinson v. United States, No. CV-F-90-647 REC, 1991 WL 733327, at *2 (E.D. Cal. Feb. 7, 1991) ("The court assumes that (a) and (b) above have been satisfied here because the Fresno United States Attorney's Office address and telephone number is on the United States moving papers.  However, plaintiff has not set forth a justifiable excuse for the failure to serve the United States Attorney properly.").[1]

Even if Plaintiff was able to demonstrate technical service should be excused, the Court further recommends the complaint be dismissed for failure to state a claim.

/ / /

/ / /

---

[1] Defendants cite to Sheridan v. Leavitt, 121 F. App'x 780, 781 (9th Cir. 2005), and Sule v. Gregg, No. 92-36888, 1993 WL 244865, at *1 (9th Cir. July 7, 1993).  However, "[u]npublished dispositions and orders of [the Ninth Circuit] issued before January 1, 2007 may not be cited to the courts of this circuit, except in [express] circumstances," which are not present here.  See CTA9 Rule 36-3.

### C. Motion to Dismiss for Failure to State a Claim

Defendants argue that the complaint here alleges essentially no facts at all. The Court finds in accord with Defendants that the complaint is devoid of essential facts. Specifically, although within the form complaint Plaintiff checks boxes for "breach of contract" and "written" agreement, and checks the box for damages between $10,000 and $25,000 in damages, the form complaint does not state when the contract was executed, who the contracting parties are, does not provide the material facts that the claim relies on, and does not explain how the alleged agreement was breached. (See ECF No. 1-1 at 2-6.)

The Court finds the complaint contains insufficient factual information to state a claim, and therefore violates Federal Rule of Civil Procedure 8. To state a claim for breach of contract under California law, plaintiff must allege (1) the existence of a contract; (2) plaintiff's performance; (3) defendant's breach of the contract; and (4) damages flowing from the breach. A.B. Concrete Coating Inc. v. Wells Fargo Bank, Nat'l Ass'n, 491 F. Supp. 3d 727, 735 (E.D. Cal. 2020) (citing CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008)); Sheetmetal & Assocs. v. Fed. Express Corp., No. 219CV2154TLNEFBPS, 2020 WL 5203431, at *2 (E.D. Cal. Sept. 1, 2020) (same), report and recommendation adopted, No. 219CV02154TLNEFB, 2020 WL 5944190 (E.D. Cal. Oct. 7, 2020). "To establish the existence of a valid contract the plaintiff must allege: (1) parties capable of contracting; (2) their consent; (3) a lawful object; and (4) sufficient cause or consideration." Sheetmetal & Assocs., 2020 WL 5203431, at *2 (citing United States ex rel. Oliver v. Parsons Co., 195 F.3d 457, 462 (9th Cir. 1999)).

To avoid a dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The Court finds insufficient facts to state a claim, and recommends the motion to dismiss be granted. Sheetmetal & Assocs., 2020 WL 5203431, at *1-2 ("The form complaint plaintiff filed contains few allegations, most of which are nearly incomprehensible . . . [the] limited allegations are insufficient to state a breach of contract claim . . . [and] although suggestive of a contract, do not include factual allegations sufficient to establish the other elements of a breach of contract

7

claim."); A.B. Concrete, 491 F. Supp. 3d at 736 (E.D. Cal. 2020) ("Plaintiff does not allege when the contract was formed, nor the performance required of each party under the contract [and] [i]n fact, the contract's nature or purpose cannot be discerned from plaintiff's minimal factual allegations."); Baiul-Farina v. Lemire, 804 F. App'x 533, 537 (9th Cir. 2020) ("The complaint made a breach-of-contract claim against defendants, but did not allege that Ukraine was a signatory to the contract at issue."); Keen v. Am. Home Mortg. Servicing, Inc., 664 F. Supp. 2d 1086, 1100 (E.D. Cal. 2009) ("[P]laintiff fails to identify any contract that obligated defendant Option One to conduct itself in a particular manner with respect to these allegations.").

### D. Leave to Amend and Dismissal With or Without Prejudice

Defendants did not address whether dismissal should be with prejudice, or whether leave to amend should be granted.

Courts freely grant leave to amend a complaint which has been dismissed. See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) ("If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."). "Before dismissing a *pro se* civil rights complaint, the plaintiff should be given 'notice of the deficiencies in his or her complaint' and provided 'an opportunity to amend the complaint to overcome deficiencies unless it is clear [the deficiencies] cannot be cured by amendment.' " Ezor v. McDonnell, No. CV 19-8851-JVS (AGR), 2020 WL 6468448, at *1 (C.D. Cal. Oct. 21, 2020) (quoting Eldridge v. Block, 832 F.2d 1132, 1135-36 (9th Cir. 1987)). Nonetheless, "[u]nder Ninth Circuit case law, district courts are only required to grant leave to amend if a complaint can possibly be saved [and] are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc).

Here, given the complete lack of factual information in the complaint, it is difficult to determine whether amendment would be futile for purposes of analysis of leave to amend under the 12(b)(6) dismissal recommendation. On the other hand, given the complete lack of factual

8

1  information contained in the complaint, and the lack of any filed opposition to indicate whether
2  Plaintiff may plead additional relevant facts, the Court could find the complaint lacks merit
3  entirely.  Lopez, 203 F.3d at 1129.  More importantly, however, is the recommendation to
4  dismiss for lack of service and lack of any opposition thereto.

5       In consideration of all the above facts and procedural posture of the case, the *pro se* status
6  of the Plaintiff, the lack of opposition, the complete lack of factual information in the form
7  complaint, and the lack of proper service on Defendants, the Court finds a recommendation of
8  dismissal without prejudice and without leave to amend to be the most proper recommendation,
9  unless the *pro se* Plaintiff presents information in objections that would justify an extension of
10 time to serve or to find service proper, along with information justifying leave to amend.

11 / / /
12 / / /
13 / / /
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## IV.

## RECOMMENDATION AND ORDER

For all of the above explained reasons, IT IS HEREBY RECOMMENDED that:

1. Defendants motion to dismiss (ECF No. 3) be GRANTED; and

2. This action be DISMISSED without prejudice and without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of these recommendations, Plaintiff may file written objections to the findings and recommendations with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 22, 2023**

UNITED STATES MAGISTRATE JUDGE