**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TANIKA WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES SMALL BUSINESS ADMINISTRATION, et al.<br><br>　　　　Defendants. | Case No.: 1:23-cv-00159-JLT-SAB<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS, GRANTING DEFENDANTS' MOTION TO DISMISS<br><br>ORDER TO PLAINTIFF TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED WITH PREJUDICE.<br><br>(Docs. 1, 3, 5, 6, 7) |

　　　　Tanika Williams initiated this action against Defendants United States Small Business Administration, and Isabel Guzman, Administrator of the SBA (collectively "Defendants"), in the Superior Court of California, County of Madera, Case No. MCV087934. (Doc. 1-1 at 2.) The defendants removed the action to this Court (Doc. 1) and later filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(4), 12(b)(5), and 12(b)(6). (Doc. 3.) Ms. Williams did not oppose the motion. The assigned magistrate judge issued findings and recommendations recommending that the motion be granted and that the action be dismissed without prejudice and without leave to amend. Specifically, as to leave to amend and dismissal with or without prejudice, the Magistrate Judge noted the following:

> Defendants did not address whether dismissal should be with prejudice, or whether leave to amend should be granted . . .

> . . . Here, given the complete lack of factual information in the complaint, it is difficult to determine whether amendment would be futile for purposes of analysis of leave to amend under the 12(b)(6) dismissal recommendation. On the other hand, given the complete lack of factual information contained in the complaint, and the lack of any filed opposition to indicate whether Plaintiff may plead additional relevant facts, the Court could find the complaint lacks merit entirely. *Lopez*, 203 F.3d at 1129. More importantly, however, is the recommendation to dismiss for lack of service and lack of any opposition thereto.
>
> In consideration of all the above facts and procedural posture of the case, the *pro se* status of the Plaintiff, the lack of opposition, the complete lack of factual information in the form complaint, and the lack of proper service on Defendants, the Court finds a recommendation of dismissal without prejudice and without leave to amend to be the most proper recommendation, unless the *pro se* Plaintiff presents information in objections that would justify an extension of time to serve or to find service proper, along with information justifying leave to amend.

(Doc. 5 at 8-9.)

The Court served the findings and recommendations on the parties and informed them that any objections must be filed within fourteen days of the date of service. (Doc. 5 at 10.) Plaintiff filed timely objections to the findings and recommendations (Doc. 6), and the Defendants filed a response thereto. (Doc. 7.) In her objections, Ms. Williams seems to admit that she did not serve the summons and complaint. (Doc. 6 at 1) Also, Ms. Williams seems to say that, though she received a grant[1], her bank rejected the funds. *Id*. After having numerous communications with the SBA, she asserts that she was assured the funds would be reissued, but they were not. *Id*. She provides screenshots showing the loan approval was given to New Royal Publications and Services not to her. *Id.* at 3. Even still, Ms. Williams fails to demonstrate that there was a contract between her and the defendants, or which contract term was breached.

In their response to Ms. William's objections, the SBA provides documentation showing that the loan at issue was granted to The New Royal Publications LLC, not to Ms. Williams. (Doc. 7 at 2-3) The defendants are correct that as a corporation, New Royal cannot proceed through a non-attorney. "It is a longstanding rule that [c]orporations and other unincorporated associations must appear in

---

[1] She refers to a "grant," but the screenshot she attached to her objections, reads "Your SBA Economic Injury Disaster Loan Application." (Doc. 6 at 3)

2

court through an attorney." *D Beam Ltd. P'ship v. Roller Derby Skates, Inc.,* 366 F.3d 972, 973 74 (9th Cir. 2004) (citation and quotation marks omitted, second modification in original); LR 183(a).

According to 28 U.S.C. § 636(b)(1)(C), the Court conducted a *de novo* review of this case. Having carefully reviewed the entire matter, the Court concludes the findings and recommendations are supported by the record and by proper analysis. Plaintiff's objections fail to materially address the magistrate judge's reasoning. However, because Ms. Williams has not yet been confronted with the issue of whether the loan was issued to a corporate entity, the Court will order her to show cause why the action should not be dismissed without prejudice. Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on February 23, 2023 (Doc. 5), are **ADOPTED IN PART**.
2. Defendants' motion to dismiss (Doc. 3) is **GRANTED**.
3. **Within 14 days**, Ms. Williams **SHALL** show cause why the action should not be dismissed with prejudice because it appears that, if any contract exists, The New Royal Publications LLC and not Ms. Williams, would be the proper party.

IT IS SO ORDERED.

Dated:   **April 11, 2023**

UNITED STATES DISTRICT JUDGE